**Bob BULLOCK, Comptroller of Public Accounts, et al., Petitioners,**

v.

**RAMADA TEXAS, INC., Respondent.**

No. B–8932.

Supreme Court of Texas.

Dec. 10, 1980.

---

Mark White, Atty. Gen., Gilbert J. Bernal, Jr., Asst. Atty. Gen., Austin, for petitioners.

Richard F. Smith, Dallas, for respondent.

GREENHILL, Chief Justice.

After an audit, the Comptroller assessed extra 1974 franchise taxes, plus penalties and interest, against Ramada Texas, Inc. Ramada paid under protest and brought this action to recover the disputed amounts. The trial court granted judgment for Ramada, and the court of civil appeals affirmed. 588 S.W.2d 400. We reverse the judgments of the courts below and render judgment that Ramada take nothing because the $21,811.83 in franchise taxes, penalties, and interest for 1974, which Ramada paid under protest, were properly due and payable to the Comptroller.

The question presented by this cause is the proper or controlling date to be used to determine corporate ownership of property in computing the corporation's franchise tax under the assessed value method.

Ramada urges that the controlling date is the January 1 which falls within the corporation's preceding fiscal year, or in this case, January 1, 1973. The Comptroller urges that the last day of the corporation's preceding fiscal year is the controlling date for property ownership, or in this case, December 31, 1973. Since Ramada acquired considerable property during 1973, the date of ownership makes a difference of $17,602.70 in the amount of its 1974 franchise taxes.

The corporate franchise tax is imposed in exchange for the privilege granted by the Legislature to do business in Texas. *General Dynamics Corporation v. Bullock*, 547 S.W.2d 255 (Tex.1976). Franchise tax statutes are contained in chapter 12 of Title 122A, Taxation General.[1] In 1974, article 12.01(1)(b) provided:[2]

(1) Except as herein provided, every domestic and foreign corporation heretofore or hereafter chartered or authorized to do business in Texas or doing business in Texas, shall file such reports as are required by Articles 12.08 and 12.19 and pay to the Comptroller a franchise tax for the period from May 1 of each year to and including April 30 of the following year which shall be based on whichever of the following Subsections (a), (b), or (c) shall yield the greatest tax:

. . . . .

(b) Two Dollars and Seventy–five Cents ($2.75) per One Thousand Dollars ($1,000) or fractional part thereof applied to the assessed value for County ad valorem tax purposes of the property owned by the corporation in this State.

Article 12.08 reads:

(1) Except as herein provided all corporations required to pay an annual franchise tax shall, between January first and June 15 of each year, make a report to the Comptroller of Public Accounts on forms furnished by that officer, showing the condition of such corporation on the last day of the corporation's preceding fiscal year.

---

1. All citations refer to Vernon's Texas Civil Statutes Annotated–Taxation General.

2. The only changes in these sections of statute since 1974 concern the tax rate.

(2) The report shall also contain any other information concerning the corporation that the Comptroller of Public Accounts shall direct.

Articles 12.01(1)(b) and 12.08 must be read together. Article 12.01 does not explicitly state which date is appropriate to determine ownership of real and personal property valued for county ad valorem tax purposes. However, article 12.01 does refer to article 12.08 which states that the report shall show "the condition of such corporation on the last day of the corporation's preceding fiscal year."

■ Ramada argues, and the CCA held, that the pertinent date for determination of both valuation and ownership of property is January 1. The assessed value for county ad valorem taxes is always set on January 1. Article 7151. The Comptroller agrees that the pertinent valuation date is January 1. However, he distinguishes between valuation and ownership and argues that ownership must be determined on the last day of the corporation's preceding fiscal year under article 12.08. We agree. The reports which must be filed call for inventory of corporate property on the last day of the preceding fiscal year and not January 1 of the preceding fiscal year. The legislative rationale is to tax the corporation based on its holdings going into the fiscal year for which the tax is levied. Therefore, the ownership of property is determined on the last day of the corporation's fiscal year. The valuation of the property is determined by its assessed value for county ad valorem tax purposes on the January 1 during that fiscal year, irrespective of who owned the property on that date. Thus, if property is acquired after January 1 but before the end of the fiscal year, its value would be included in the computation of the franchise tax

for the subsequent year. Likewise, if property is sold after January 1 but before the end of the fiscal year, its value would not be included in the computation of the franchise tax for the subsequent year.

■ The court of civil appeals relies primarily on *Houston Oil Co. of Texas v. Lawson*, 175 S.W.2d 716 (Tex.Civ.App.–Galveston 1943, writ ref'd), and Texas Attorney General Opinion No. S–196 (1956). The *Houston Oil Co.* case discusses a predecessor statute to articles 12.01 and 12.08, and the wording of the statutes have changed radically since that decision. Attorney General Opinion No. S–196 discusses the proper date for determination of ownership and valuation and concludes that both were to be determined on January 1. We disagree with the opinion to this extent. Departmental construction of statutes is not controlling on the courts. *Citizens National Bank of Paris, Illinois v. Calvert*, 527 S.W.2d 175 (Tex.1975). However, the present Comptroller Rule, 34 Texas Administrative Code § 3.401(c), originally adopted in 1971, incorporates the same rule that we announce today.[3]

■ The Comptroller correctly assessed 1974 franchise taxes for property Ramada owned on December 31, 1973, the last day of the corporation's preceding fiscal year. We therefore reverse the judgment of the court of civil appeals and render judgment that Ramada take nothing.

---

**3.** Comptroller of Public Accounts Rule 026.02.-12.011(3), now found in 34 Texas Administrative Code § 3.401(c), provides:

The assessed values to be reported in annual franchise tax reports due on or before June 15 of each year, include all property owned in Texas as of the corporation's accounting year ending date shown in Item 5 of the report. If any of such property was obtained by the

corporation on or prior to the accounting year ending date but subsequent to January 1st of such year, the county assessed value applicable to the prior owner on January 1st will be used by the reporting corporation. The corporation will not include assessed value of property which it owned on January 1st, the legal title to which it divested itself prior to such accounting year ending date.