Bob BULLOCK, Comptroller of Public
Accounts, Appellant,

v.

BINGO KING COMPANY,
INC., Appellee.

No. 14547.

Court of Appeals of Texas,
Austin.

May 21, 1986.

Rehearing Denied Aug. 13, 1986.

Jim Mattox, Atty. Gen., and Nazario Saldana, Asst. Atty. Gen., Austin, for appellant.

Peter J. Shurn, III and D.C. Toedt, III, Arnold, White & Durkee, Houston, for appellee.

Before SHANNON, C.J., and EARL W. SMITH and GAMMAGE, JJ.

GAMMAGE, Justice.

Bob Bullock, Comptroller of Public Accounts, denied the application of Bingo King, Inc., for a license to manufacture bingo supplies, devices, and equipment in Texas under § 13a of the Bingo Enabling Act, Tex.Rev.Civ.Stat.Ann. art. 179d (Supp. 1986) (hereinafter the Act). Bingo King perfected its appeal to the Travis County district court. The district court rendered judgment that the Comptroller had misconstrued the Act to prohibit issuance of a license to an applicant who has had a license revoked in another state, and remanded the cause to the agency. From that judgment, the Comptroller brings this appeal. This Court will affirm the judgment of the trial court.

The Comptroller contends by his only point of error that the trial court erred in remanding the cause because the Comptroller's decision was based on a reasonable interpretation of a statute whose meaning is doubtful or ambiguous. The Act reads in part:

(a) A manufacturer may not sell or supply to a person within this state or for use within this state bingo cards, boards, sheets, pads, or other supplies, devices, or equipment designed to be used in playing bingo ... without holding a license from the comptroller of public accounts.

  *  *  *  *  *  *

(c) The comptroller of public accounts *shall* issue to an applicant a license for the manufacture of bingo supplies, devices, or equipment on payment of a $3,000 license fee if the comptroller determines that:

  *  *  *  *  *  *

(6) the applicant has never had a license to manufacture, distribute, or supply bingo equipment, devices, or supplies revoked by any other state. `

*Id.* at § 13a (emphasis added). The Act mandates that the Comptroller issue a license to an applicant who meets the statutory requirements. The Comptroller contends that he should therefore construe the Act as prohibiting him from issuing a license to an applicant who has had a license revoked by another state. We disagree.

■ In determining the meaning of an act of the Legislature, consideration should be given to the entire act, its nature and object, and the consequences that would follow from each construction. *Sayre v. Mullins*, 681 S.W.2d 25 (Tex.1984). "The fundamental and dominant rule controlling the construction of a statute is to ascertain if possible the intention of the Legislature expressed therein." *Calvert v. Texas Pipe Line Company*, 517 S.W.2d 777, 780 (Tex. 1974); Tex.Govt.Code Ann. § 312.005 (1986). Legislative intent as expressed in the statute must be given controlling importance. *Citizens National Bank of Paris, Illinois v. Calvert*, 527 S.W.2d 175 (Tex.

1975). Courts should carefully search out a statute's intent, giving full effect to all of its terms; the intent must be found in the language of the statute and not elsewhere. *Seay v. Hall*, 677 S.W.2d 19 (Tex.1984). In ascertaining the intent, the court must examine the entire statute and not merely an isolated portion thereof. *State v. Terrell*, 588 S.W.2d 784 (Tex.1979).

■ Section 13a of the Act sets out the criteria which, if met, require the issuance of a manufacturer's license by the Comptroller. If the agency denies a license application it must, upon request, conduct a hearing at which "the applicant is entitled to be heard on the qualifications of the applicant and the merits of the application...." Act, § 14(a). The Act establishes procedures for the granting of four different kinds of bingo licenses. Charitable organizations and manufacturers are subject to the licensing procedures set out in §§ 13 and 13a. Distributors and representatives of manufacturers or distributors are subject to a more strict procedure which clearly includes automatic license denial if they fail to meet certain statutory criteria. Act, § 13b(c). No such mandatory denial provision appears in the section governing applications for a manufacturer's license. Furthermore, the Act at § 34(b) provides that the standard for review by the district court of the Comptroller's decision on a license application is whether the Comptroller "abused his discretion." Examining the entire statute, we conclude that the Legislature did not intend that the Act be interpreted as mandating denial of a manufacturer's license for failure to meet all of the criteria set out in § 13a(c) of the Act.

■ An applicant for a manufacturer's license whose license has been revoked or suspended in another state must include in his application the reasons for such revocation or suspension. Act, § 13a(a)(9). Such a requirement is meaningless unless the agency is empowered to consider such reasons in the application process. We hold that the hearing on an application for a manufacturer's license under § 14(a) should include a determination of whether

an applicant who does not meet all criteria enumerated in § 13a(c) of the Act nevertheless merits a license.

■ The Comptroller also urges that his interpretation of the statute should guide the decision of this Court. The Comptroller, however, offered no proof at trial of any prior construction it has placed on this provision, and, even had it done so, "[d]epartmental construction of statutes is not controlling on the courts." *Bullock v. Ramada Texas, Inc.*, 609 S.W.2d 537, 539 (Tex.1980). Though the construction given a statute by an administrative agency may be *important* when a statute is ambiguous, the court may overturn such interpretation if contrary to the plain meaning of the statute. *Citizens National Bank of Paris, Illinois v. Calvert, supra.* Viewing the Act as a whole, the agency's view is contrary to the legislative intent expressed in the statute.

The Comptroller's point of error is overruled, and the judgment of the trial court is affirmed.

EARL W. SMITH, J., not participating.