

# THE ATTORNEY GENERAL
## OF TEXAS

September 24, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Rayford A. Ratliff
Moore County Attorney
P. O. Box 634
Dumas, Texas    79029

Opinion No.  JM-795

Re:  Whether a person who is licensed under the plumbing license law, article 6243-101, V.T.C.S., is exempt from the provisions of article 8861, V.T.C.S.

Dear Mr. Ratliff:

You ask whether a person who is licensed under the Plumbing License Law, article 6342-101, V.T.C.S., is exempted from the provisions of the Air Conditioning Contractor License Law, article 8861, V.T.C.S.  We conclude that licensed plumbers are exempted from the provisions of article 8861 to the extent that plumbing services fall within the definitions of air conditioning contracting or air conditioning maintenance work.  The extent to which plumbing services constitute air conditioning contracting or maintenance work is a fact question which cannot be answered in an Attorney General's Opinion.

Article 8861, V.T.C.S., governs the licensure and regulation of air conditioning contractors.  It establishes two classes of air conditioning contractor licenses, section 4(a), and empowers the commissioner of the Texas Department of Labor and Standards to adopt rules for the practice of air conditioning contracting consistent with the act.  V.T.C.S. art. 8861, §3(a).  Section 2 of the act defines the following relevant terms:

Sec. 2.  In this Act:

. . . .

(2) 'Air conditioning contractor' means a person licensed under this Act who designs, installs, constructs, maintains, services, repairs, alters, or modifies any heating, ventilating, or air conditioning product, system, or equipment.

(3) 'Air conditioning contracting' means designing, installing, constructing, maintaining, servicing, repairing, altering, or modifying any heating, ventilating, or air conditioning product, system, or equipment.  The term does not include

p. 3756

the design, installation, construction, main-
tenance, service, repair, alteration, or modifica-
tion of a portable or self-contained ductless air
conditioning or heating product that has a cooling
capacity of three tons or less or a heating
capacity of 36,000 British thermal units or less.

. . . .

(6) 'Air conditioning maintenance work' means
repair work and all other work required for the
continued normal performance of a heating,
ventilating, or air conditioning system. The term
does not include the installation of a total
replacement of the system or the installation of
boilers or pressure vessels that must be installed
by licensed persons pursuant to rules and regula-
tions promulgated by the Texas Department of Labor
and Standards under the Texas boiler inspection
law, Chapter 436, Acts of the 45th Legislature,
Regular Session, 1937 (Article 5221c, Vernon's
Texas Civil Statutes).

The act provides a number of exemptions for persons meeting
stipulated criteria. The purpose of these exemptions is discussed
later in this opinion. The exemption relevant to your inquiry is
section 6(a)(4) which states "[t]his Act does not apply to a person
who . . . performs plumbing work and is licensed under The Plumbing
License Law (Article 6243-101, Vernon's Texas Civil Statutes)." A
rule promulgated by the Department of Labor and Standards in 1986
attempts to clarify this exemption:

§75.8 Exemptions.

(a) The Act and its rules and regulations do
not apply to a person who:

. . . .

(4) performs plumbing work and is licensed
under the Plumbing License Law, Texas Civil
Statutes, Article 6243-101. A person licensed
under Texas Civil Statutes, Article 8861, may not
perform or offer or attempt to perform any act,
service, or function that is defined as plumbing
work under the Plumbing License Law, unless
licensed under that law. A person who is licensed
in this state as a plumber, and is engaged in
business as a plumber, may not perform or offer or
attempt to perform air conditioning contracting,
unless licensed under this Act. . . .   (Emphasis
added.)

11 Tex. Reg. 593 (1986) (amending 16 T.A.C. §75.8(a)(4)). You believe this rule is in conflict with the exemption provided in section 6(a)(4) of article 8861, as it imposes additional requirements and places a greater burden on licensed plumbers than the statute does.

Your request presents questions of statutory construction and administrative rulemaking authority. The cardinal rule of statutory interpretation is to ascertain legislative intent. Minton v. Frank, 554 S.W.2d 442 (Tex. 1976). If possible, legislative intent is determined from the language of the statute. Crimmins v. Lowry, 691 S.W.2d 582 (Tex. 1985). The entire statute, and not merely isolated portions of it, must be examined. State v. Terrell, 588 S.W.2d 784 (Tex. 1979).

If the meaning of a statutory provision is doubtful or ambiguous, the construction placed thereon by the agency charged with administration of the statute is given weight. See Calvert v. Kadane, 427 S.W.2d 605 (Tex. 1968). An agency's construction of a statute is not controlling, however. Bullock v. Ramada Texas, Inc., 609 S.W.2d 537 (Tex. 1980). It is valid only insofar as it is consistent with statutory language and will not be allowed the effect of expanding or contracting the language of the statute. See Firestone Tire and Rubber Co. v. Bullock, 573 S.W.2d 489, 500 n. 3 (Tex. 1978). Also, rules and regulations adopted by an administrative agency may not impose additional burdens, restrictions, or conditions in excess of or inconsistent with statutory provisions. Bexar County Bail Bond Board v. Deckard, 604 S.W.2d 214, 216 (Tex. Civ. App. - San Antonio 1980, no writ).

The language of section 6(a)(4) has inspired two conflicting interpretations. The first, offered on behalf of the Department of Labor and Standards, is premised on the belief that the practice of plumbing and the practice of air conditioning contracting are separate and distinct crafts, each requiring different training, qualifications, and testing for licensure. The legislature, in apparent recognition of this belief, chose not to include "plumbing work" within the definition of air conditioning contracting; therefore, plumbing work should not be considered a part of the practice of air conditioning contracting. The act exempts licensed plumbers who perform "plumbing work" from its coverage. It does not exempt licensed plumbers who perform "air conditioning contracting." Thus, it is argued that it is reasonable for the department to require a licensed plumber to obtain a license to practice air conditioning contracting. In doing so, the department contends that it is acting consistently with the legislature's decision to treat plumbing and air conditioning contracting as mutually exclusive crafts.

You read section 6(a)(4) differently. You contend that the effect of this provision is to completely remove licensed plumbers from the reach of article 8861. The State Board of Plumbing Examiners informs us that many of its licensees agree with your interpretation of section 6(a)(4). The board notes that plumbers have traditionally

installed heating equipment such as floor furnaces, wall heaters, radiant heaters, and suspended heaters with self-contained blowers. The suggestion is that the skills required to install heating equipment are comparable to the skills required to install air conditioning systems. Thus, it is argued, a licensed plumber need not obtain an air conditioner contractor's license prior to contracting for the installation or maintenance of air conditioning equipment.

In our opinion, neither interpretation adequately represents legislative intent. We believe the real meaning of section 6(a)(4) lies somewhere between the narrow reading offered by the department and the broad interpretation you advocate.

The department's interpretation of section 6(a)(4) is too restrictive because it fails to acknowledge the legislature's conclusion that aspects of the practice of plumbing might also be considered acts of air conditioning contracting as that term is defined in article 8861. Clearly, the legislature did not share the belief that plumbing and air conditioning contracting are mutually exclusive trades, for if it had, no exception for licensed plumbers would be necessary. No real purpose would be served by exempting persons who provide services which are not among the services regulated by article 8861. In effect, the department's construction of section 6(a)(4) renders the provision superfluous.

Your reading of section 6(a)(4), however, overestimates the breadth of the exemption provided for licensed plumbers. If the legislature had intended to authorize licensed plumbers to perform all aspects of air conditioning contracting, it could have done so in express terms. Notably, the other provisions of section 6(a) provide exemptions for persons who perform "air conditioning work," "air conditioning maintenance work," or "air conditioning contracting." Section 6(a)(4) is the only exception not phrased in these terms. In order to establish the proper scope of section 6(a)(4), we must first determine the meaning of the term "plumbing work." We believe the source of the phrase is article 6342-101. See L & M-Surco Mfg., Inc. v. Winn Tile Co., 580 S.W.2d 920 (Tex. Civ. App. - Tyler 1979, writ dism'd) (in construing statutory word or phrase, court may take into consideration meaning of same or similar language used in another act of similar nature); see also Gov't Code §312.002(b) (word connected with or used with reference to a particular trade as a word of art shall have meaning given by experts in the trade).

Neither article 8861 nor article 6342-101 defines "plumbing work." The Plumbing License Law does, however, supply the relevant definition:

> Sec. 2. (a) The word or term 'plumbing' as used in this Act means and shall include: (1) All piping, fixtures, appurtenances and appliances for supply or recirculation of water, gas, liquids, and drainage or elimination of sewage,

including disposal systems or any combination thereof, for all personal or domestic purposes in and about buildings where a person or persons live, work or assemble; all piping, fixtures, appurtenances and appliances outside a building connecting the building with the source of water, gas, or other liquid supply, or combinations thereof, on the premises, or the main in the street, alley or at the curb; all piping, fixtures, appurtenances, appliances, drain or waste pipes carrying waste water or sewage from or within a building to the sewer service lateral at the curb or in the street or alley or other disposal or septic terminal holding private or domestic sewage; (2) the installation, repair, service, and maintenance of all piping, fixtures, appurtenances and appliances in and about buildings where a person or persons live, work or assemble, for a supply of gas, water, liquids, or any combination thereof, or disposal of waste water or sewage.

V.T.C.S. art. 6342-101, §2(a). We believe that when the legislature used the term "plumbing work" in article 8861, it had in mind those services which comprise the practice of plumbing as it is defined in article 6342-101. Therefore, we conclude that licensed plumbers are exempted from the provisions of article 8861 to the extent that they provide plumbing services which may also be classified as air conditioning contracting services.[1]

When the legislature has provided exemptions from the licensing or registration requirements of regulatory statutes, this office has consistently construed these exemptions narrowly. As a general rule, such exemptions are construed to permit only acts which may be performed within the terms of the particular exemption or within the

---

1. This conclusion only affects licensed plumbers who are not regulated by municipalities. Article 8861 does not require all persons engaged in the business of air conditioning contracting to obtain a license from the department. Section 8 of the act provides that the penalty for persons who engage in air conditioning contracting without a license issued under the act is not applicable to persons who hold licenses issued by municipalities. Section 9 states that a license issued by a municipality is valid under the terms of the license within that municipality. Therefore, any person (including a licensed plumber) providing air conditioning contracting or maintenance services may avoid the licensing and penalty provisions of article 8861 by obtaining a license from a municipality and providing such services only within that municipality.

scope of the act under which the exempted individuals are already regulated. For example, in Attorney General Opinion H-814 (1976) this office concluded that members of the professions exempted from article 249c, V.T.C.S. (regulating landscape architects), need not comply with the provisions of the act while engaged within the ordinary and proper scope of their respective professions, even though their activities might include some aspect of landscape architecture. The attorney general reasoned that the primary purpose of article 249c was to protect the public and determined that it would be inconsistent with that purpose to permit a person whose familiarity with the subject of landscape architecture might only be peripheral to hold himself out to the public as competent in all aspects of that profession. In Attorney General Opinion MW-384 (1981) it was said that although persons employed in industry as engineers are exempted from the licensing requirements of the Engineering Practice Act, article 3271a, V.T.C.S., they are not entirely exempted from the scope of the act. The exemption under consideration was provided for persons who do not have "final authority for the approval of, and the ultimate responsibility for, engineering designs, plans or specifications." V.T.C.S. art. 3271a, §20(g). Thus, it could not be viewed as authorizing such persons to practice engineering. Attorney General Opinion MW-555 (1982) observed that persons holding a master's degree or doctorate in audiology are exempted from the examination and licensing provisions of article 4566, V.T.C.S., to the extent that they perform the functions enumerated in the exemption, article 4566-1.19(3), V.T.C.S. The functions described in article 4566-1.19(3) comprised part of the services defined in article 4566-1.01(f) as "[f]itting and [d]ispensing hearing aids." The opinion concluded that persons with such credentials were not exempt from the provisions of article 4566 if they performed any of the other services set forth in article 4566-1.01(f). In Attorney General Opinion MW-410 (1981), an exception provided in the Texas Pharmacy Act, article 4542a-1, V.T.C.S., for medical or veterinary practitioners who dispense prescription drugs to their own patients was narrowly interpreted. It was determined that practitioners who exceeded the terms of the exception would be required to obtain a pharmacist's license.

In view of these authorities, it is reasonable to conclude that section 6(a)(4) of article 8861 authorizes licensed plumbers to provide only those services described in article 6342-101 which may incidentally be characterized as services coming within the definitions of air conditioning contracting or air conditioning maintenance work.[2] The extent to which plumbing services constitute air conditioning contracting or maintenance work is a question of fact that cannot be resolved in the opinion process. See Attorney General Opinion Nos. JM-217 (1984); H-495 (1975). To the extent that plumbing

---

2. See note 1, supra.

services constitute air conditioning contracting or maintenance work, the Department of Labor and Standards is without authority to promulgate a rule prohibiting licensed plumbers from performing such services. See Bexar County Bail Bond Board v. Deckard, supra. Cf. Attorney General Opinion H-495 (1975).

### S U M M A R Y

Article 8861, section 6(a)(4), V.T.C.S., exempts licensed plumbers from the provisions of article 8861 only to the extent that plumbing services constitute services comprising the definitions of air conditioning contracting or air conditioning maintenance work. The extent to which plumbing services constitute air conditioning contracting or maintenance work is a question of fact that cannot be resolved in the opinion process. To the extent that plumbing services constitute air conditioning contracting or maintenance work, the Department of Labor and Standards is without authority to promulgate a rule which prohibits licensed plumbers from performing such services.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General