

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

March 17, 1988

Mr. Bob E. Bradley                     Opinion No. JM-873
Executive Director
Texas State Board of                   Re:  Applicability of statu-
   Public Accountancy                 tory fee increases to certi-
1033 La Posada, Suite 340              fied public accountants
Austin, Texas    78752                 (RQ-1243)

Dear Mr. Bradley:

You request our opinion concerning the interpretation of section 31 of the Public Accountancy Act of 1979, article 41a-1, V.T.C.S. Section 31 was added to the act during the second called session of the 70th Legislature. Acts 1987, 70th Leg., 2nd C.S., ch. 5, art. 9, §6, at 68-69. The pertinent part of the new provision imposes a temporary increase in the fees required by the act:

> (a)  Each of the following fees imposed by or under another section of this Act that first becomes due on or after the effective date of Article 9, H.B. 61, Acts of the 70th Legislature, 2nd Called Session, 1987, but before August 31, 1989, is increased by $110:
>
> > (1)  annual license fee under Section 9(a) of this Act for Certified Public Accountants;
> >
> > (2)  renewal fee under Section 9(a) of this Act for Certified Public Accountants; and
> >
> > (3)  fee for issuance of a certificate of Certified Public Accountants under Section 13 of this Act.

V.T.C.S. art. 41a-1, §31(a). Section 9(a) imposes an annual license fee of not more than $60 and an annual license renewal fee of not more than $60. An additional penalty of $20 is charged for reinstatement of licenses cancelled because of failure to pay the renewal fee; a license may be reinstated upon payment of this penalty

only during the licensing year for which the fee was unpaid. These fees must be paid by the following persons prior to the issuance of a license:

> (1) holders of the certificate of 'Certified Public Accountant' issued under this or prior Acts; and

> (2) such persons as are registered with the board under the provisions of this or prior Acts.

V.T.C.S. art. 41a-1, §9(a). Section 13 of the act imposes a fee of not more than $100 for the issuance of a certificate of "Certified Public Accountant" by reciprocity.

The Texas State Board of Public Accountancy has adopted three interpretations of section 31. The first interpretation and the board's reasoning follows:

> It is the interpretation of the Texas State Board of Public Accountancy (the Board) that the $110 fee increases identified in [subdivisions] (1), (2), and (3) [of section 31(a)] are restricted to <u>certified public accountants only</u> rather than all license fees prescribed in Section 9(a) of the Act. The Board came to this conclusion by the following deductions:

> > Section 9(a) of the Act specifies that licenses shall be issued to '(1) the holders of the certificate of "Certified Public Accountant" issued under this or prior Acts; and (2) such persons as are registered with the Board under the provisions of this or prior Acts.'

> > Had the Legislature intended to impose the temporary $110 fee on <u>all</u> licenses, it would have done so without the inclusion of the language 'for certified public accountants.' The Board feels that the addition of this language clearly restricts the temporary $110 fee increase to those identified in Section 9(a)(1) of the Act. (Emphasis in original.)

In another context, this office advised the board that a professional corporation cannot be issued a certificate of "Certified Public Accountant."[1] Acting upon this advice, the board has concluded that the temporary fee increase imposed by section 31 does not apply to professional corporations or partnerships registered under section 9(a)(2) of the act.

The cardinal rule of statutory interpretation is to ascertain legislative intent. Minton v. Frank, 545 S.W.2d 442 (Tex. 1976). Whenever possible, legislative intent is determined from the language of the statute. Crimmins v. Lowry, 691 S.W.2d 582 (Tex. 1985). If the intent of the legislature is apparent from the words of the statute, there is no need to consult extrinsic sources for evidence of such intent. Minton v. Frank, supra. Therefore, unless a statute is ambiguous, we are compelled to follow the clear language of the statute. RepublicBank Dallas, N.A. v. Interkal, Inc., 691 S.W.2d 605 (Tex. 1985).

If the meaning of a statute is doubtful or ambiguous, the contemporaneous construction of the statute by the agency charged with its administration is given weight. See Calvert v. Kadane, 427 S.W.2d 605 (Tex. 1968). An administrative agency's construction of a statute is not controlling, however. Bullock v. Ramada Texas, Inc., 609 S.W.2d 537 (Tex. 1980). It is valid only insofar as it is consistent with statutory language and will not be allowed the effect of expanding or contracting the language of the statute. See Firestone Tire and Rubber Co. v. Bullock, 573 S.W.2d 498, 500 (Tex. 1978).

We conclude that the board's first interpretation of section 31 reflects the plain language of that provision. By the terms of section 31, the temporary fee increase is to be collected for licenses issued for certified public accountants under section 9(a) or section 13. Under section 9(a), licenses are issued to "holders of the certificate of 'Certified Public Accountant'" and to "such

---

1. You have not asked us to reconsider this advice. We believe, however, that the language of article 41a-1 clearly supports the conclusion. See V.T.C.S. art. 41a-1, §§8, 12. Therefore, it is unnecessary to reexamine in this opinion the cogent analysis of the issue provided therein.

persons [including partnerships and corporations] as are registered with the board." Because only natural persons may hold a certificate of "Certified Public Accountant," the reference to certified public accountants in section 31 necessarily excludes corporations and partnerships from its coverage. Therefore, we believe the board's interpretation of section 31 with respect to corporations and partnerships registered with the board under section 9(a)(2) is reasonable.

The board has also interpreted section 31 to require payment of the temporary fee increase only twice during the period in which the fee increase is in effect.

> The Board has also concluded that the temporary license fee increase applies to the annual licenses (January 1, through December 31) for a CPA and does not apply in those situations where an initial licensee pays a prorated portion of the annual license fee and is licensed for less than 365 days. It is the Board's understanding that the legislative intent of HB 531 [sic] was for the Board to collect the temporary increase for the 1988 and 1989 license years (two years only), and the imposition of the $110 temporary increase in the remaining months of 1987 would cause an initial licensee to pay the fee three times.

The board has put in place a licensing program that runs from January 1 to December 31 of each year. Fees for licenses issued during a license year are prorated and expire on December 31 of the license year.

Section 31 of the act states that the temporary fee increase applies to annual license fees and renewal fees that "first become due on or after the effective date of Article 9, H. B. No. 61, Acts of the 70th Legislature, 2nd Called Session, 1987, but before August 31, 1989." Article 9 of House Bill No. 61 became effective September 1, 1987. See Acts 1987, 70th Leg., 2nd C.S., ch. 5, art. 9, §14(a), at 74; Acts 1987, 70th Leg., 2nd C.S., ch. 8, at 88-89 (supplying two-thirds vote of both houses of the legislature required to satisfy article III, section 39 of the Texas Constitution). Subsection (c) of section 31 requires payment of the entire $110 amount even if the license fee or renewal fee covers a period that extends beyond the August 31, 1989, expiration date.

We believe that the language of section 31 is unequivocal and requires the $110 fee increase to be added to all designated license or renewal fees that first become due between September 1, 1987 and August 31, 1989. This would include initial license fees collected by the board for that portion of the 1987 license year following September 1, 1987. There are two reasons for our conclusion. First, initial licenses, like all licenses issued by the board, are issued pursuant to section 9. Section 31 states clearly that each annual license fee issued under section 9(a) that first becomes due between the relevant dates must be increased by $110. It makes no exception for initial licensees. The board may not read into the statute exceptions that are not embodied therein Stubbs v. Lowrey's Heirs, 253 S.W.2d 312 (Tex. Civ. App. - Eastland 1952, writ ref'd n.r.e.). Second, if the legislature had intended the fee increase to be charged only twice during the period in which it is in effect, it could plainly have stated so. The legislature could also have expressed such intent by simply making the act effective on January 1, 1988. It did neither. Furthermore, we are obliged to give effect to acts of the legislature. We must therefore presume that the legislature had a definite purpose in mind when it provided for the September 1, 1987, effective date. To read section 1 as the board has is to effectively nullify section 31 for four months and make it effective on January 1, 1988, a result the legislature took great pains to avoid. Accordingly, we disagree with the board's interpretation of section 31 with respect to initial licensees.

Your third question is whether the board may reduce the $110 temporary fee increase for "retired" licensees. Section 9(c) of article 41a-1 authorizes the board to "adopt a system by which individual licensees over age 65 may qualify for a reduced license fee." Pursuant to that provision, the board has adopted a rule that sets a reduced fee for licensees over age 65. 22 T.A.C. §515.8. You ask whether section 9(c) allows the board to reduce the temporary $110 license fee set out in section 31 of article 41a-1 as well as the annual fee provided for in section 9(a). Section 31 provides that the "annual license fee under Section 9(a)" is increased by $110. Thus, section 31 temporarily increases the license fee under section 9(a); it does not impose a different fee or tax. Section 9(c) gives the board authority to reduce the "license fee" for licensees over age 65. We think that "license fee" in section 9(c) must be read to include the entire license fee; i.e., the annual fee as well as the

temporary $110 increase. Therefore, we think that section 9(c) gives the board authority to reduce the total fee for qualified licensees over age 65.

## S U M M A R Y

Professional corporations and partnerships licensed pursuant to section 9(a)(2) of article 41a-1, V.T.C.S., are not required to pay the $110 temporary fee increase imposed by section 31 of the act. Initial licensees are required to pay the fee increase. The Texas State Board of Public Accountancy may reduce the license fee for qualified licensees over the age of 65.

Very truly yours,

*Jim Mattox*

J I M    M A T T O X
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Steve Aragon
Assistant Attorney General