

# THE ATTORNEY GENERAL
## OF TEXAS

**JIM MATTOX**
**ATTORNEY GENERAL**

December 28, 1989

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas 77002

Opinion No. JM-1126

Re: Duty of a county clerk to notify the Department of Public Safety about the mental competence of a person holding a driver's license (RQ-1842)

Dear Mr. Driscoll:

You ask four questions concerning the duty of a county clerk to notify the Department of Public Safety when a person holding a driver's license is found to be mentally incompetent. They are:

> 1. Is the County Clerk required to notify the Department of Public Safety of court findings that a person holding a driver's license is mentally incompetent?

> 2. Is the County Clerk required to notify the Department of Public Safety of court findings that a person holding a driver's license is mentally incompetent regardless of the nature of the proceeding?

> 3. Is the County Clerk required to notify the Department of Public Safety of court findings that a person is mentally incompetent, but are silent as to whether the person holds a driver's license?

> 4. Is it the duty of the County Clerk to determine whether a person found to be mentally incompetent holds a driver's license when the court findings are silent on this issue?

Article 6687b, section 4, V.T.C.S., specifies that drivers' licenses are not to be issued to certain persons. Among them are persons "shown to be addicted to the use of

alcohol or a controlled substance," or persons who have been "adjudged mentally incompetent" by a court of competent jurisdiction and not restored to competency.  Id. subsecs. (4), (5).  Section 30 of article 6687b provides:

> It shall be unlawful for any person to act as a driver of a motor vehicle who is addicted to the use of alcohol or a controlled substance, or who has been adjudged mentally incompetent and has not been restored to competency by judicial decree or released from a hospital for the mentally incompetent upon a certificate of the superintendent that such person is competent. A finding that a person is addicted to the use of alcohol or a controlled substance must be based on a determination by the court that the person is psychologically or physiologically dependent on alcohol or a controlled substance. Any finding by any court of competent jurisdiction that any person holding a driver's license is mentally incompetent or addicted to the use of alcohol or a controlled substance shall carry with it a revocation of the driver's license. It shall be the duty of the clerk of any court in which such findings are made, to certify same to the Department within ten (10) days. (Emphasis added.)

In our opinion, the driver's license of a person adjudged (found) mentally incompetent is automatically revoked by operation of section 30, whether or not the adjudicating court makes a specific finding that the person holds a driver's license.

The initial sentence of section 30 declares that it is unlawful for any person who has been adjudged mentally incompetent to act as the driver of a motor vehicle in this state.  Clearly, the criminality of that act is not dependent upon an additional prior adjudication that the actor held a revoked driver's license, and it is incongruous to suppose that the legislature intended automatic revocation for only licenses of adjudicated incompetents who are also shown by evidence produced in court (found) to possess licenses.  The object of section 30 is to protect the public from mentally incompetent drivers.

We think that the only "finding" section 30 of article 6687b contemplates as a prerequisite to automatic revocation of any driver's license held by the subject of the proceedings is a finding of mental incompetence. From that finding, ipso facto, other consequences flow by operation of law, just as they do, pursuant to section 24 of article 6687b, when a person is finally convicted of driving while intoxicated in violation of article 6701l-1, V.T.C.S. Cf. Davison v. State, 313 S.W.2d 883 (Tex. Crim. App. 1958); Gaddy v. Texas Dep't of Pub. Safety, 380 S.W.2d 783 (Tex. Civ. App. - Eastland 1964, no writ) (automatic suspension operative upon conviction without regard to whether specific provision therefor is in judgment).

Unless some other law intervenes, inasmuch as section 30 of article 6687b expressly requires the clerks of court to certify to the Department of Public Safety any findings of any court of competent jurisdiction that persons holding drivers' licenses are mentally incompetent, it follows -- in answer to your first two questions -- that the county clerk is required to notify the department of such findings regardless of the nature of the proceedings.

Our attention has been directed to article 5547-12, V.T.C.S., which reads:

> Each and every writing, including but not limited to docket books, indices, judgment books, etc., in a mentally ill docket in the office of the county clerk is hereby declared to be a public record of a private nature which may be used, inspected, or copied only by a written order of the county judge, a judge of a court having probate jurisdiction, or a district judge of the county in which the docket is located. No such order shall issue until the issuing judge has entered findings that said use, inspection, or copying is justified and in the public interest or that such release is to a patient, former patient, or to a person designated by the patient upon signed and written consent for the release of such information by the allegedly mentally ill person; and that the reasons for such use, inspection, or copying fall within the statutory exemptions to confidentially of mental health information or physician/patient privilege where the disclosure of such

information is in issue. Such records shall be released to any attorney representing the proposed patient in a proceeding held under this code. Nothing herein shall prevent access by law enforcement personnel to necessary information in execution of a writ or warrant. (Emphasis added.)

Article 5547-12 must be read in _pari materia_ with section 30 of article 6687b, V.T.C.S. _See_ 67 Tex. Jur. 3d _Statutes_ § 136, at 747. Since the legislature has determined, by enacting section 30 of article 6687b, that certification by the clerk to the Department of Public Safety of findings of mental incompetence is in the public interest, it would be contrary to the plain meaning of the statute and an abuse of discretion for a court to find otherwise. _See Bullock v. Bingo King Co._, 714 S.W.2d 320 (Tex. App. - Austin 1986, writ ref'd n.r.e.).

There is no necessity of a separate "finding" by the court, pursuant to article 5547-12, that furnishing such information to the Department of Public Safety is in the public interest because a finding of mental incompetency, by reason of article 6687b, section 30, necessarily includes a finding that it is in the public interest to supply the information to the Department of Public Safety. _See Morris v. Short_, 151 S.W. 633 (Tex. Civ. App. - Texarkana 1912, writ ref'd). Nor, in our opinion, is an order by the judge necessary to authorize transmission of the information by the clerk to the Department of Public Safety. The special provisions of article 6687b, section 30, are to be regarded as furnishing an exception to the general requirements of article 5547-12 insofar as they concern the use, inspection, and copying of such records. _See_ 67 Tex. Jur. 3d _Statutes_ §§ 126, 136 at 719, 747.

We therefore advise that the county clerk is required to notify the Department of Public Safety of any finding by any court of competent jurisdiction that a person is mentally incompetent, whether or not the court's findings or judgment recite that the person does (or does not) hold a driver's license. The clerk has no duty to determine whether the person adjudged mentally incompetent holds a driver's license when court findings are silent about the matter; the clerk's duty is to notify the Department of Public Safety in any event. _See generally_ Open Records Decision No. 516 (1989) (inter-agency transfers of confidential information not violative of the Open Records Act).

<u>S U M M A R Y</u>

The county clerk is required to notify the Department of Public Safety of any finding by any court of competent jurisdiction that a person is mentally incompetent, whether or not the court's findings or judgment recite that the person does (or does not) hold a driver's license. The clerk has no duty to determine that a person so adjudged holds a driver's license.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Bruce Youngblood
Assistant Attorney General